UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON MARIE SMITH, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) Case No. 1:13-cv-00420-JEB |
| v. | ) |
| | ) |
| KAYA HENDERSON, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE OF CORRECTION AND CLARIFICATION

Defendants District of Columbia, Chancellor Kaya Henderson, sued solely in her official capacity, and Mayor Vincent C. Gray, sued solely in his official capacity, (collectively, the "District") by and through their counsel, the Office of the Attorney General for the District of Columbia, respectfully file this document to correct and clarify the record concerning the Declaration of Peter Weber that was filed as [Doc. No. 6-4] in support of the Opposition [Doc. No. 6] to Plaintiffs' motion for a preliminary injunction [Doc. No. 1-1].

Plaintiffs in this action filed suit on March 29, 2013, and have requested a preliminary injunction. [Doc. No. 1-1]. Their claims concern, *inter alia*, the notice that the District gave to Advisory Neighborhood Commissioners ("ANCs") about the District of Columbia Public Schools' ("DCPS") proposed closure of certain schools. The District opposed the preliminary injunction on April 24, 2013. [Doc. No. 6]. A Declaration by Peter Weber ("Weber Decl."), DCPS' Chief of Strategy, was appended to that opposition. [Doc. No. 6-4]. A hearing is set for May 10, 2013.

In advance of the preliminary injunction hearing, at Plaintiffs' request the District searched for, and located, the actual e-mails sent to the ANCs about DCPS' consolidation plan.

These e-mails are hereby provided to Plaintiffs as attachments to the Declaration of Shanita Burney, attached as **Exhibit A**.

Upon finding and reviewing these e-mails on or about April 30, 2013, the District determined that a statement that appeared in the Weber Decl. required correction.  In its opposition, and in the Weber Decl., the District asserted that "[o]n November 13, 2012, the brochure describing the [potential closure of certain DCPS facilities] was sent to all Advisory Neighborhood Commissioners." [Doc. No. 6-4], at ¶ 11.  That statement was incorrect, and should actually be "[o]n November 13, 2012, the brochure describing the [potential closure of certain DCPS facilities] was sent to each then-serving Advisory Neighborhood Commissioner with a school proposed for closure in his or her single-member district."  A new declaration from Mr. Weber correcting his statement is attached as **Exhibit B**.

In addition to this correction, some supplemental information may be useful both to the Plaintiffs and to the Court in clarifying the District's position on the ANC notice issue.  As set out in Exhibit A, the notification sent out on November 13, 2012, went to each currently-serving ANC who had a school slated for consolidation located within his or her single-member district. Exhibit A, ¶¶ 5-6.  Neither Plaintiff Ericka Black, who represents single-member district 7D06, nor Plaintiff Karlene Armstead, who represents single-member district 8E06, were included in this e-mail.  Exhibit A, ¶¶ 7-8.  Plaintiff Black was not notified because she does not have a school slated for closure located within her single-member district.  *Id.*  Plaintiff Armstead was not notified because, although she was elected to represent single-member district 8E06 (the District containing Ferebee-Hope Elementary School) on November 2, 2012, her term of office

did not begin until January 2, 2013.[1]  Exhibit A, ¶ 8.  However, the representative for district 8E07, where Ferebee-Hope was located until redistricting at the start of 2013, was notified in November, 2012.  Exhibit A, ¶ 9.

The D.C. Code does not require any notification to either ANCs who have not yet assumed office, or whose single-member districts are not affected by a proposed District action.  D.C. Code § 1-309.10(b).  Neither Plaintiff Armstead nor Plaintiff Black was entitled to notice on November 13, 2012, and the District did give actual notice to all affected ANCs, as the law requires.  *See Kopff v. District of Columbia Alcoholic Beverage Control Board*, 381 A.2d 1372, 1382 (D.C. 1977) (holding that actual notice is sufficient notice for the purposes of ANC notification).  As a result, Plaintiffs' claim regarding ANC notice is unlikely to succeed.

Finally, on January 17, 2013, the District sent an e-mail with the final school consolidation plan to all ANCs in the entire District of Columbia.  Exhibit A, ¶¶ 11-12.  The January 17, 2013, e-mail is also attached to Exhibit A.  Plaintiffs Armstead and Black should have received this e-mail.  Exhibit A, ¶¶ 13-15.  So, Plaintiffs Armstead and Black should have had notice of DCPS' proposed actions, at latest, on January 17, 2013.  *Id.*

Following notice of a proposed action, ANCs have thirty days to provide any recommendations—in writing—to a District agency.  D.C. Code § 1-309.10(d)(1).  If no recommendations are provided after 30 days, the District agency may proceed with its decision.  D.C. Code § 1-309.10(d)(2).  Neither Plaintiff Armstead nor Plaintiff Black have provided the Court with any written recommendations that they allegedly gave to DCPS by February 17, 2013

---

[1]   Notwithstanding this fact, DCPS actually attempted to go above and beyond the requirements of the law by notifying all newly-elected ANCs with districts where schools were slated for consolidation, including Plaintiff Armstead.  However, DCPS was unable to locate contact information for Plaintiff Armstead by November 13, 2012.  Exhibit A, ¶ 10.

(and, indeed, suit was not even filed until March 31, 2013).[2]  As a result, even if Plaintiffs were entitled to notice, they received that notice by January 17, 2013, and failed to exercise their right to provide recommendations to DCPS.  So, again, Plaintiffs' claim regarding ANC notice is unlikely to succeed, and their motion for a preliminary injunction should be denied.

Dated: May 1, 2013          Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

ELLEN A. EFROS
Deputy Attorney General, Public Interest Division

GRACE GRAHAM [Bar No. 472878]
Chief, Equity Section

/s/ Keith D. Parsons
KEITH D. PARSONS [Bar No. 1006935]
Assistant Attorney General
Public Interest Division, Equity Section
441 4th Street, NW, 6th Floor South
Washington, DC 20001
Phone: (202) 727-6247
Fax: (202) 741-8935
Keith.Parsons@dc.gov

/s/ Douglas S. Rosenbloom
DOUGLAS S. ROSENBLOOM [Bar No.[3]]
Assistant Attorney General
Public Interest Division, Equity Section
441 4th Street, NW, 6th Floor South
Washington, DC 20001
Phone:  (202) 724-1342

---

[2]  The District's on-going investigation to-date has not turned up any such recommendations either.  But such information would naturally be in the control of Plaintiffs Armstead and Black, and ought to be produced by them to the Court in order to show any likelihood of success on the merits of their ANC notice claims.

[3]  District of Columbia Bar application pending.  Member of State Bar of Georgia in good standing.  Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rule 83.2(f).

        Fax:  (202) 730-0623
        Douglas.Rosenbloom@dc.gov

*Counsel for Defendants*